IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Victor Peterman,

    Plaintiff,

v.                                          Case No. 2:09-cv-197

Warden Eberlin, *et al.*,                Judge Michael H. Watson

    Defendants.

## ORDER

The original complaint in this action alleges that, while he was incarcerated at the Belmont Correctional Institution, plaintiff was subjected to excessive force by a corrections officer, who is otherwise unidentified. Doc. No. 3.[1] The original complaint named the State of Ohio and the Ohio Department of Rehabilitation and Correction as defendants.

On March 16, 2009, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the state agencies be dismissed, reasoning that the Eleventh Amendment to the United States Constitution deprives this Court of jurisdiction over the claims asserted against these defendants. Doc. No. 4. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b).

---

[1] The *Amended Complaint*, Doc. No. 13, names Mark Winters as the corrections officer who allegedly used excessive force against plaintiff.

In his objections, plaintiff argues that, because the allegedly offending corrections officer was a state employee, the doctrine of *respondeat superior* requires that the employing agencies and supervisors be held responsible for his misconduct. However, as the *Report and Recommendation* reasoned, this Court lacks jurisdiction to entertain plaintiff's claims against the State and its agencies. *Foulks v. Ohio Department of Rehabilitation and Correction,* 713 F.2d 1229 (6th Cir. 1983). Moreover, *respondeat superior* cannot serve as a basis for liability under 42 U.S.C. §1983. *McQueen v. Beecher Community Schools,* 433 F.3d 460, 470 (6th Cir. 2006). Furthermore, the mere right to supervise an employee is not actionable under §1983. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir. 1982)).

Plaintiff's objections to the *Report and Recommendation* are **OVERRULED**. The *Report and Recommendation,* Doc. No. 4, is **ADOPTED** and **AFFIRMED**.

Plaintiff has also filed a motion for an unspecified extension of time. Doc. No. 10. However, plaintiff has been granted until August 15, 2009, in which to respond to the defendants' motion to dismiss. *See Order,* Doc. No. 26. Under these circumstances, plaintiff's motion for an unspecified extension of time, Doc. No. 10, is **DENIED as moot.**

/s/ Michael H. Watson
Michael H. Watson, Judge
United States District Court