IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VICTOR PETERMAN,**

    **Plaintiff,**

  vs.                                Civil Action 2:09-CV-197
                                      Judge Watson
                                      Magistrate Judge King

**WARDEN EBERLIN,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, formerly a state prisoner,[1] brings this action under 42 U.S.C. §1983 alleging that he was subjected to excessive force by a corrections officer in contravention of his rights under the Eighth and Fourteenth Amendment of the United States Constitution. This matter is now before the Court on the motion to dismiss for failure to exhaust administrative remedies. Doc. No. 28. Although plaintiff was granted an extension of time in which to respond to the motion to dismiss, and was expressly advised of the consequences of his failure to respond, *see Order*, Doc. No. 31, there has nevertheless been no response to the motion to dismiss.

Under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* Ohio employs a three-step inmate grievance procedure for such claims. Ohio Admin. Code §5120-9-31(J). Defendants offer evidence that plaintiff failed to exhaust his available administrative remedies prior to filing this action. *Affidavit of Linda*

---

[1] Although plaintiff is not currently incarcerated, *see Notice of Change of Address,* Doc. Nos. 22, 23, plaintiff was a state prisoner at the time this action was filed. *See Motion for Leave to Proceed In Forma Pauperis,* p.5, Doc. No. 1.

*Coval*, ¶8, attached to *Motion to Dismiss*, Doc. No. 28. Plaintiff offers no evidence controverting that assertion; indeed, plaintiff does not even allege that he exhausted his available state court remedies. *See Complaint*, Doc. No. 3. *See also Amended Complaint*, Doc. No. 13.

Accordingly, it is therefore **RECOMMENDED** that the motion to dismiss, Doc. No. 28, be **GRANTED** and that this action be **DISMISSED,** without prejudice, for failure to exhaust available administrative remedies prior to filing the action.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

October 27, 2009                             *s/Norah McCann King*
                                                             Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge